J-S61010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BENJAMIN COOPER, | |
| Appellant | No. 889 EDA 2018 |

Appeal from the PCRA Order Entered March 9, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1100941-2003

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED NOVEMBER 13, 2018**

Appellant, Benjamin Cooper, appeals from the post-conviction court's March 9, 2018 order denying, as untimely, his fifth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts of Appellant's underlying convictions are not pertinent to our disposition of this appeal.  We only note that a jury convicted Appellant of third-degree murder and related offenses on April 12, 2005, and the court sentenced him to an aggregate term of 31 to 62 years' incarceration.  After this Court affirmed Appellant's judgment of sentence on direct appeal, our Supreme Court denied his petition for allowance of appeal on May 31, 2007. *See Commonwealth v. Cooper*, 911 A.2d 178 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 927 A.2d 622 (Pa. 2007).

Over the next decade, Appellant filed four PCRA petitions, all of which were denied.[1]  On January 11, 2018, Appellant filed his fifth *pro se* petition, which underlies the present appeal.  Therein, he contended that he is entitled to a new trial pursuant to a recent federal decision, ***Brooks v. Gilmore***, 2017 WL 3475475 (E.D. Pa. 2017) (holding that the jury instruction provided for reasonable doubt, as explained to the jury through an emotionally-charged hypothetical, improperly elevated the level of doubt necessary to secure an acquittal).  The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, concluding that it was untimely filed.  Appellant filed a *pro se* response, but on March 9, 2018, the PCRA court formally dismissed his petition.

Appellant filed a timely, *pro se* notice of appeal.  It does not appear from the record that the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of the errors complained of on appeal, but the court filed a Rule 1925(a) opinion on April 13, 2018.  Herein, Appellant raises the following three issues for our review:

1. Did not the PCRA court err and deny [Appellant] due process of law under the state and federal constitution(s) and his right to a proper legal evaluation of the reliability and effect of [***Commonwealth v.***] ***Lark***[, 746 A.2d 585 (Pa. 2000),] by dismissing [Appellant's] petition as untimely[?]

2. Did no[t] the PCRA court err by dismissing [Appellant's] claim of after-discovered evidence based off of facts that were unknown without hearing testimony of critical cooperating

---

[1] For a detailed recitation of the procedural history of these petitions, ***see*** PCRA Court Opinion (PCO), 4/13/18, at 2-4.

- 2 -

evidence of his actual innocence claim in testimony of disgraced Philadelphia detective Kenneth Rossite and Former A.D.A.s Robin Godfrey and Hugh Burns[?]

3. Did not the PCRA court err by dismissing [Appellant's] PCRA petition as untimely where [Appellant] asserts that the evidence he presented in his PCRA petition constitutes unknown **Brooks** facts, government interference and after-discovered evidence along with an actual innocence claim placing his petition squarely within the timeliness exceptions to the one[-]year limitations period[?]

Appellant's Brief at 5-6 (some brackets added, others in original).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

- 3 -

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2007 after our Supreme Court denied his petition for permission to appeal and he did not seek further review with the United States Supreme Court. Thus, Appellant's current petition filed in 2018 is patently untimely and, for this Court to have jurisdiction to review the merits thereof, he must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant first argues that the **Brooks** decision constitutes a newly-discovered fact that satisfies the timeliness exception under section 9545(b)(1)(ii). However, our Supreme Court has expressly declared that "judicial determinations are not facts." **Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011). Instead, "an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events." **Id.** at 987. Therefore, the **Brooks** decision does not constitute a

- 4 -

new 'fact' for purposes of satisfying the timeliness exception of section 9545(b)(1)(ii).[2]

Additionally, we also reject Appellant's argument that the governmental interference exception of section 9545(b)(1)(i) applies in this case. In support of this claim, Appellant contends that the trial judge 'conspired' with the Commonwealth "to keep [him] in prison and deny him any and all relief on appeal[]." Appellant's Brief at 8 (unnumbered). However, Appellant's argument in support of this claim is confusing, at best. For instance, he avers that the trial court provided a jury instruction that is erroneous in light of *Brooks*, yet he does not explain how the government interfered with his abilty to assert his *Brooks* claim. Indeed, Appellant raised that claim in his present petition, and it fails not because of any interference by the government, but because Appellant's petition is untimely, and our Supreme Court's holding in *Watts* precludes him from satisfying a timeliness exception based on *Brooks*.

Additionally, Appellant contends that the governmental interference exception applies because: (1) the trial court gave "an emotionally disturbed reason" for sentencing him to "the maximum time allowed[;]" (2) the court ostensibly "altered" the certified record to shorten the period within which he

---

[2] Appellant premises a large part of his timeliness argument on the fact that he met the 60-day requirement of section 9545(b)(2). Even if true, however, Appellant misunderstands that 'timely' filing a petition within the 60 days required by section 9545(b)(2) does not render his petition 'timely' under section 9545(b)(1). Under subsection (b)(1), Appellant must *also* demonstrate that he discovered a 'new fact' that was previously unknown to him. 42 Pa.C.S. § 9545(b)(1)(ii). For the reasons stated *supra*, Appellant's reliance on *Brooks* cannot satisfy this burden.

could file a timely PCRA petition, thus erroneously rendering untimely his second petition filed on November 19, 2012; and (3) the Commonwealth committed a violation of **Brady v. Maryland**, 373 U.S. 83 (1963), when, at a hearing on November 12, 2009, it refused to provide Appellant with "all case files, discovery material and evidence belonging to his case…."  Appellant's Brief at 8-9 (unnumbered).  However, Appellant does not explain how his "failure to raise the[se] claim[s] previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]"  42 Pa.C.S. § 9545(b)(1)(i).  Therefore, he has not demonstrated that this timeliness exception applies.

In sum, Appellant has failed to prove the applicability of any exception to the PCRA's one-year time-bar that would permit the PCRA court, or this Court, to review the merits of his underlying claims.  Consequently, the PCRA court properly denied his petition.

Order affirmed.
Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/18